UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARMEN H. YEDRA YHON,

                Plaintiff,

vs.                               Case No.  3:09-cv-342-J-32MCR

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") on May 15, 2006, alleging a period of disability beginning February 1, 2003.  (Tr. 110-12).  The Social Security Administration denied this application initially and on reconsideration.  (Tr. 66-75).  Plaintiff then requested and received a hearing before an Administrative Law Judge (the "ALJ") on April 22, 2008.  (Tr. 76, 108).  On June 19, 2008, the ALJ issued a decision finding Plaintiff was not disabled.  (Tr. 21-40).  The Appeals Counsel (the "AC") denied Plaintiff's request for review (Tr. 10-12), rendering the ALJ's decision

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 10).

final.  Plaintiff timely filed her Complaint in the U.S. District Court for review of the Commissioner's decision.  (Doc. 1).

## II.    NATURE OF DISABILITY CLAIM

### A.    <u>Basis of Claimed Disability</u>

Plaintiff claims to be disabled since February 1, 2003, due to fibromyalgia and bipolar disorder.  (Tr. 126).

### B.    <u>Summary of Evidence Before the ALJ</u>

Plaintiff was 35 years old at the time her SSI application was filed; she has a high school education completed in Cuba, but is unable to communicate in English.  (Tr. 38). She has past relevant work experience as a cleaner and hand packager.  (<u>Id.</u>). Plaintiff's medical history is discussed at length in the ALJ's decision and will be summarized herein.

Plaintiff received treatment from various medical providers for chronic pain syndrome, fibromyalgia, and mental problems.  In September 2006, both Dr. Aixa Skelton and Dr. Thomas Wikstrom concluded Plaintiff was disabled and unable to work. (Tr. 274-75, 319-20).

Plaintiff was treated by Dr. Juan Ochoa for pain.  Dr. Ochoa found no problems with Plaintiff's coordination or gait and his medical records consistently demonstrated unremarkable findings in range of motion and muscle strength.  (Tr. 399-400, 405, 407, 453, 522-23).  Additionally, Dr. Ochoa reported that medication controlled Plaintiff's pain somewhat.  (Tr. 407, 522).  In March 2008, Dr. Ochoa found Plaintiff had good insight and knowledge, and showed good memory.  (Tr. 522).

On October 10, 2006, Dr. Eduardo Sanchez conducted a consultative examination of Plaintiff and concluded she suffered from bipolar disorder, in partial remission.  (Tr. 288-89).  While Dr. Sanchez assessed Plaintiff with a global assessment of functions ("GAF") score of 60, indicating moderate difficulties in functioning, her mental status findings showed only minimal functional difficulties. Plaintiff was noted to be cooperative and pleasant, could express herself intelligently, and there was no evidence of a thought disorder, although she had some difficulty completing serial sevens.  (Tr. 288-89).

Plaintiff received mental health treatment from Dr. Alberto de la Torre and in October 2007, he completed a mental impairment questionnaire indicating Plaintiff suffered from marked functional limitations.  (Tr. 505).  Dr. de la Torre diagnosed Plaintiff with major depressive disorder.  (Tr. 99-500, 502, 527).  On July 30, 2008, Dr. de la Torre updated his mental impairment questionnaire and found that Plaintiff was still suffering from major depression with psychosis and opined while Plaintiff's current GAF was 55, and that the highest GAF obtained during the last year was 50.  Dr. de la Torre opined that Plaintiff suffered marked functional limitations.  (Tr. 531-33).

### C.    Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months.  42 U.S.C. §§ 416(I), 423(d)(1)(A).  The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. § 416.920.  First, if a

-3-

claimant is working at a substantial gainful activity, she is not disabled.  29 C.F.R. §

416.920(a)(2)(I).  Second, if a claimant does not have any impairment or combination of

impairments which significantly limit her physical or mental ability to do basic work

activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. §

416.920(a)(2)(ii).  Third, if a claimant's impairments meet or equal an impairment listed

in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925,

416.926), she is disabled.  20 C.F.R. § 416.920(a)(2)(iii).  Fourth, if a claimant's

impairments do not prevent her from doing past relevant work, she is not disabled.  20

C.F.R. § 416.920(a)(2)(iv).  Fifth, if a claimant's impairments (considering her residual

functional capacity, age, education, and past work) prevent her from doing other work

that exists in the national economy, then she is disabled.  20 C.F.R. § 416.920(a)(2)(v).

Plaintiff bears the burden of persuasion through step four, while at step five, the burden

shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5

(1987).

        In the instant case, at step one, the ALJ found Plaintiff had not engaged in

substantial gainful activity since May 2, 2006, the application date.  (Tr. 29).  At step

two, the ALJ found Plaintiff suffered from the following severe impairments:

fibromyalgia; affective disorder; hypoglycemia; disorders of the spine; and bladder

prolapse.  (Tr. 29-30).  At step three, the ALJ found Plaintiff did not have an impairment,

or combination of impairments, that met or equaled any listed in 20 C.F.R. Part 404,

Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, 416.926).  (Tr. 30-32).

The ALJ further determined Plaintiff had the residual functional capacity ("RFC")[2] to perform light and sedentary work[3] except with a need for a sit-stand option, low stress work, Spanish language instruction, and a need to avoid:

> ladders and unprotected heights; operation of heavy moving machinery; more than occasional bending, crouching, stooping, kneeling, squatting, and crawling.

(Tr. 32-38).  In reaching this conclusion, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting factors of her alleged symptoms not completely credible.  (Tr. 33).

At Plaintiff's hearing, the ALJ utilized the testimony of a vocational expert (the "VE").  The ALJ posed hypothetical questions to the VE that included Plaintiff's symptoms and their resulting limitations.  Based on the hypothetical questions posed, the VE testified that Plaintiff's past relevant work exceeded the ability of her RFC.  (Tr. 38).  The ALJ then asked the VE whether a person with Plaintiff's RFC could perform any other jobs existing in significant numbers in the national economy.  The VE replied

---

[2]The residual functional capacity is the most an individual can do despite the combined effect of all of their credible limitations.  20 C.F.R. § 416.945.  The residual functional capacity is based on all of the relevant evidence in the case record, and is assessed at step four of the sequential evaluation.  Id.

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 CFR § 416.967(b).  "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 CFR § 416.967(a).

that a person with Plaintiff's RFC could perform work as a laundry worker, a trimmer, a hand presser, a cutter-paster, and an assembler, which all exist in significant numbers in the national economy.  (Tr. 38-39).  Therefore, the ALJ found Plaintiff was not under a "disability," as defined in the Social Security Act.  (Tr. 26).

## III.    ANALYSIS

### A.    The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable

to the decision.  <u>Foote</u>, 67 F.3d at 1560; <u>accord</u>, <u>Lowery v. Sullivan</u>, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

> **B.** **Issues on Appeal**

Plaintiff attempts to raise countless arguments in her Memorandum in Opposition to the Commissioner's Decision; however, the vast majority of these arguments have not been developed.  Indeed, the argument section of Plaintiff's Memorandum consists of slightly over one page of argument and attempts to raise the following issues: the ALJ failed to adequately consider the opinions of Plaintiff's treating physicians; the ALJ failed to properly evaluate Plaintiff's pain and credibility; the AC failed to properly evaluate the new evidence; and the hypothetical posed to the VE was flawed.[4]  <u>See</u> (Doc. 16, pp. 7-8).  These "arguments" are merely statements and this Court will not attempt to decipher the content of Plaintiff's argument.  <u>See</u> <u>Russell v. Astrue</u>, 2009 U.S. Dist. LEXIS 19393, __ WL __ (M.D. Fla. 2009) ("[T]he plaintiff's failure to develop any argument showing that the law judge erred ... defeats her claim."); <u>see</u> <u>also</u> <u>Rowe v. Schreiber</u>, 139 F.3d 1381 (11th Cir.  1998) (noting that in the absence of an argument, the issue is deemed abandoned).  Therefore, the undersigned will address whether substantial evidence supports the ALJ's decision and briefly discuss the issues raised by Plaintiff.

---

[4]The Court recognizes that portions of Plaintiff's "Statement of Facts" contain brief legal argument; however, the Court finds the analysis is lacking.  (Doc. 16, pp. 2-5).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments.  Bowen, 482 U.S. at 146 n.5; Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991); McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987);  42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require").  It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations.  20 C.F.R. § 416.912(c).

Here, as the ALJ discussed, the evidence of record failed to demonstrate the disabling physical and mental limitations that Plaintiff alleged.  (Tr. 29-30, 33-37).  For example, although Plaintiff testified that she frequently fainted due to a heart deficiency, her medical records frequently show normal cardiovascular findings.  (Tr. 33, 44, 381, 399, 405, 407, 428, 453).  Additionally, while Plaintiff suffers from fibromyalgia, the record fails to show symptoms lasting for at least twelve consecutive months.  See 42 U.S.C. § 423(d)(1)(A) (Plaintiff must show she was unable to engage in any substantial gainful activity by reason of a medically determinable impairment that lasted, or was expected to last, for a continuous period of not less than twelve months).  Further, in spite of Plaintiff's alleged back problems, Dr. Ochoa found no problems with Plaintiff's coordination or gait (Tr. 37, 522) and Plaintiff's medical records consistently showed unremarkable findings in range of motion and muscle strength (Tr. 399-400, 405, 407, 453, 522-23).

-8-

Plaintiff makes reference to the ALJ failing to adequately discuss the opinions of treating physicians, Drs. Skelton and Wikstrom.  Specifically, Plaintiff contends the ALJ failed to address their opinions that Plaintiff was disabled and unable to work.  When considering a treating physician's testimony, the ALJ must ordinarily give substantial or considerable weight to such testimony unless good cause is shown to the contrary.  Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004); Lewis v. Callahan, 125 F.3d 1436,1440 (11th Cir. 1997); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also 20 C.F.R. § 416.927(d)(2).  Such a preference is given to treating sources because such sources are likely to be best situated to provide a detailed and longitudinal picture of the medical impairments.  Lewis, 125 F.3d at 1440.  Furthermore, the ALJ must specify the weight given to the treating physician's opinion or reasons for giving the opinion no weight, and the failure to do so is reversible error.  MacGregor, 786 F.2d at 1053.  Good cause for rejecting a treating source's opinion may be found where the treating source's opinion was not bolstered by the evidence, the evidence supported a contrary finding, or the treating source's opinion was conclusory or inconsistent with his or her own medical record.  Phillips, 357 F.3d at 1240-41 (citing Lewis, 125 F.3d at 1440); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).  Where the Commissioner has ignored or failed properly to refute the treating physician's testimony, such testimony, as a matter of law, must be accepted as true.  MacGregor, 786 F.2d at 1053.

As an initial matter, medical source opinions as to whether a claimant is disabled

are not medical opinions, "but are, instead opinions on issues reserved for the

Commissioner ..." 20 C.F.R. § 416.927(a), (d)(3).  Nonetheless, the ALJ properly

determined the evidence of record did not support Drs. Skelton or Wikstrom's

conclusions.[5]  (Tr. 35).  Consequently, the ALJ accurately found the evidence of record

did not support Drs. Skelton and Wikstrom's conclusions that Plaintiff is disabled and

unable to work.

   Plaintiff makes reference to the ALJ failing to properly evaluate her pain and

credibility.  In this circuit, subjective complaints are governed by a three-part "pain

standard" that applies when a claimant attempts to establish disability through

subjective symptoms.  By this standard, there must be evidence of an underlying

medical condition and either objective medical evidence that confirms the severity of the

alleged symptom arising from the condition or evidence that the objectively determined

medical condition is of such severity that it can be reasonably expected to give rise to

the alleged pain.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing Landry v.

Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986)).  If the ALJ determines not to credit

subjective testimony, he must articulate explicit and adequate reasons for his decision.

Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995); Jones v. Dep't of Health & Human

---

[5]With regard to Dr. Wikstrom, the record consists of no notes, findings, or other evidence supporting Dr. Wikstrom's single conclusory statement opining Plaintiff was unable to work.  With regard to Dr. Skelton, contrary to Dr. Skelton's diagnosis of bipolar disorder and generalized anxiety disorder (Tr. 274), Dr. de la Torre diagnosed Plaintiff with major depressive disorder that he often noted with improved.  (Tr. 499-502).  While Dr. Skelton assessed Plaintiff suffered significant cognitive impairment and memory problems (Tr. 320), Dr. de la Torre often found Plaintiff was cognitively intact.  (Tr. 499-502, 527).  Dr. de la Torre is a psychiatrist, while Dr. Skelton is not.  See 20 C.F.R. § 416.927(d)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.").

Servs., 941 F.2d 1529, 1532 (11th Cir. 1991).  A reviewing court will not disturb a clearly

articulated credibility finding with substantial supporting evidence in the record.  See

Hale, 831 F.2d at 1012.

Here, the ALJ clearly articulated his reasons for finding Plaintiff's statements

concerning the intensity, persistence, and limiting effects of her symptoms not entirely

credible, i.e., Plaintiff's statement are inconsistent with the objective medical evidence

as well as her own testimony.  (Tr. 33-38).  The Court finds the objective medical

evidence provides substantial evidence to support the ALJ's credibility finding.  The

medical evidence of record demonstrates that Plaintiff had generally normal physical

examination results (381, 399-400, 405, 407, 428, 453, 522), and medication controlled

her pain and mental impairments (Tr. 407, 522).  Additionally, the Court finds Plaintiff's

allegations of total disability are inconsistent with her other statements of record.

Plaintiff reported that she is capable of doing some house work, driving her daughter to

and from school, shopping, doing puzzles, and socializing with friends.  (Tr. 31, 50, 52,

266).  Therefore, the Court finds the objective medical evidence and other evidence of

record provide substantial evidence to support the ALJ's credibility finding.

Plaintiff makes reference to the AC erring in its denial of Plaintiff's request for

review.  As part of her request for review, Plaintiff submitted new evidence to the AC

that was not part of the record at the time of the ALJ's June 19, 2008 decision.  (Tr. 528-

780).  Plaintiff contends the AC erred in denying Plaintiff's request for review in light of

this new evidence, which mainly consisted of hospital records from September 2008

mentioning Plaintiff's fainting problems, a September 21, 2008 letter from Dr. Skelton, a

June 30, 2008 questionnaire completed by Dr. de la Torre, and various medical records concerning Plaintiff's psychological condition.

According to 20 C.F.R. § 416.1470, the AC must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record.  The AC may deny review if, even in the light of the new evidence, it finds no error in the opinion of the ALJ.  Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1262 (11th Cir. 2007).  Any decision to deny review in light of new evidence is subject to judicial review.  Falge v. Apfel, 150 F.3d 1320, 1324 (11th Cir. 1998).  In conducting this review, courts "look at the pertinent evidence to determine if the evidence is *new* and *material*, the kind of evidence the [AC] must consider in making its decision whether to review an ALJ's decision."  Id. (emphasis added).

As an initial matter, the evidence submitted to the AC relates to dates outside the period of the ALJ's reconsideration.  In the ALJ's June 19, 2008 decision, the ALJ stated:

> [A]s the [ALJ] has determined that good cause does not exist to reopen the claimant's prior application, the claimant is administratively precluded from claiming disability for the period prior to October 14, 2005.  Therefore, the [ALJ] further finds that *res judicata* applies to the issue of disability prior to October 14, 2005.

(Tr. 27).  Because all of the new evidence is either dated before the October 14, 2005 decision or after the current ALJ's June 19, 2008 decision, the evidence is not chronologically relevant.  See  20 C.F.R. §§ 416.1455, 416.1470(b), 416.1418, 416.1487.

-12-

Even assuming these records were chronologically relevant, the Court finds they are not material because they are not "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Milano v. Bowen, 809 F.2d 763, 766 (11th Cir. 1987) (citations omitted).  Plaintiff contends the hospital records from September 2008 rebut the ALJ's assessment that the evidence of record fails to support Plaintiff's allegations of frequent fainting.  While these record demonstrate Plaintiff sought treatment for past-seizure like behavior, there were no abnormal findings upon examination or observation.  (Tr. 671-75).

Plaintiff contends Dr. Skelton's September 21, 2008 letter addresses several of the ALJ's concerns regarding Dr. Skelton's previous opinion (Tr. 602).  However, just as the ALJ noted with Dr. Skelton's previous opinion, there are no findings or treatment records attached to either of the opinion letters to support her conclusions.

Plaintiff suggests Dr. de la Torre's June 30, 2008 questionnaire should have been more thoroughly considered.  However, this evidence is inconsistent with Dr. de la Torre's own evidence of record.  (Tr. 528-33).  For example, despite assessing numerous serious or marked limitations in social functioning (Tr. 530), Dr. de la Torre's often noted intact cognition with improvement of Plaintiff's depression.  Additionally, Plaintiff denied several symptoms which Dr. de la Torre listed in his questionnaire.  (Tr. 599-500, 527-28).

Plaintiff suggests the medical records from June 2008, evidencing treatment from overdose and diagnosis of major depression, demonstrate the severity of her psychiatric condition.  (Tr. 536-38).  However, these records show Plaintiff was discharged after

-13-

three days with a GAF score of 60, indicating moderate symptoms.  (Tr. 536).

Additionally, once medically stabilized and placed on an antidepressant, Plaintiff

showed a brightened mood and affect, denied suicidal ideation, and showed no

psychotic mentation.  (Tr. 536-37).  Follow up visits at the Mental Health Center on July

2, 2008 noted that Plaintiff showed no signs of depression, dysphoria, anxiety, suicidal

ideas, or psychotic symptoms and was cognitively intact.  (Tr. 608-09).

The undersigned has reviewed the remainder of the evidence Plaintiff submitted

to the AC and finds it unremarkable.  Therefore, the Court finds the evidence submitted

to the AC would not have changed the outcome and the AC did not err in its evaluation

of the new evidence.

Plaintiff further contends that the ALJ should have included greater mental

limitations in his hypothetical question posed to the VE.  However, the Court finds this

argument without merit as the hypothetical question need only include those functional

limitations which the record supports.  See 20 C.F.R. §§ 416.945, 416.946, 416.927.

The hypothetical posed to the VE is supported by the record as a whole.  Therefore, the

ALJ's reliance on the VE's testimony that Plaintiff could perform other work which exist

in significant numbers in the national economy was proper.  Accordingly, the Court finds

the ALJ properly found that Plaintiff was not disabled and this determination is

supported by substantial evidence in the record as a whole.  See Martin v. Sullivan, 894

F.2d 1520, 1529 (11th Cir. 1990).

## V.    CONCLUSION

Upon due consideration, the Court finds the decision of the Commissioner was decided according to proper legal standards and is supported by substantial evidence. As neither reversal nor remand is warranted in this case, and for the aforementioned reasons, the decision of the ALJ is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __26th__ day of August, 2010.

_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party